## DRUMMOND v. WRIGHT.

1. When the names of the parties are transposed in the commencement of the declaration, so that the defendant is named as the plaintiff, a judgment will not, for this cause, be reversed, if the record furnishes the means of ascertaining and correcting, the clerical error.

Writ of error to the Circuit Court of Sumter County.

WRIGHT sued out his writ against Drummond and one McAlpin; but the latter was not served with process. The declaration commences thus: "William Drummond, by attorney, complains of Council R. Wright, in custody," &c. It then proceeds to state, that "the defendant, together with C. Rain and Johnson, who are not sued, and Jefferson C. McAlpin, who has not been served with process, and against whom this action is discontinued, made his certain promissory note:" Then follows a statement of the date, amount, and time of payment of the note; and throughout the entire declaration, the parties are referred to by the terms, plaintiff and defendant. The judgment entry states, that " the parties came by their attornies, and the defendant William Drummond, says nothing to bar, or preclude, &c. it is therefore considered, that the plaintiff recover of the defendant, &c."

The error assigned is that the declaration is inconsistent, and so defective as not to warrant any judgment for the plaintiff.

Boyd, for the plaintiff in error.
Smith, contra.

GOLDTHWAITE, J.—The clerical error is certainly as great as any one which can be conceived, for, it effectually transposes the parties, and if the declaration only was before us, we could arrive at no other conclusion than the one insisted on by

the counsel for the plaintiff in error, that it was so defective, as not to warrant a judgment in favor of the plaintiff.

Great as the error is, it is perfectly manifest, that it is merely an accidental mistake; for we cannot well charge the plaintiff in error with the folly of suing another, and entering judgment against himself; nor is it easy to suppose, if he also is the plaintiff below, why we should be called on to avoid the judgment.

The instant that the writ is referred to, we perceive how the mistake has occurred, and are furnished with the means of correcting it; which is done, by transposing the names of Drummond and Wright, at the commencement of the declaration.

The statute of *Jeofails* authorizes the amendment of any mistake in the christian or sir-name of either party, *the same being right in any part of the record;* and directs that no judgment shall be reversed for such an error: (Aikin's Dig. 266.)   Here, the mistake is in both christian and sir-name: but we consider it as within the spirit, if not within the precise letter of the statute.

The judgment is free from error, and must be affirmed.