## Driver v. Spence.

1. In an action of trespass to try title, where the plaintiff claims under a sheriff's sale, it is competent to give in evidence the papers of the original suit, to show that the christian names of the defendants, which were omitted in the judgment entry, are the same as in the execution.

2. It is not a valid objection to the admission in evidence, of the execution under which the sale was made, that the indorsement of a levy found thereon, does not correspond with the sheriff's deed.

3. It is not a valid objection to the admission in evidence of the sheriff's deed, that it does not correspond with the levy indorsed on the execution.

4. A recital of a wrong date of the execution, in the sheriff's deed, is no sufficient objection to the admission in evidence of the deed, if, in other respects, it is regular.

5. It is not a valid objection to the admission in evidence of the sheriff's deed, that the description of the land conveyed by it, is uncertain and not defined by metes and bounds.

6. When the evidence offered is competent to support the issue, it ought not to be rejected: But there are cases in which competent evidence may be excluded, when the whole evidence is closed on either side, and it does not make out a case or defence.

Writ of error to the Circuit Court of Talladega County.

ACTION of *tresp. quee. fre.* to try title, as well as to recover damages, for entering on a tract of land. The defendant first demurred to the declaration, and his demurrer being overruled, he then pleaded not guilty.

In the progress of the trial, several bills of exceptions were taken by the defendant to the evidence of the plaintiff's title, which was derived under a sheriff's sale. The evidence excepted to, was

1st. A judgment of the circuit court of Talladega county of the spring term, 1838, entitled "Solomon Spence v. G. Driver and Shelly:" no other names are given in the judgment entry, but the parties are referred to, as plaintiff, and as defendant.

Driver v. Spence.

2d. An execution in favor of Solomon Spence against *Giles* Driver and *Jacob D.* Shelly, corresponding in all respects, except the christian names of the defendants, to the judgment before stated. This execution was issued on the 22d of December, 1838, and indorsed " received 24th December, 1838. Wm. Blythe, sheriff. Levied this *fi. fa.* on the house and lot now occupied as the residence of Giles Driver, in the town of Talladega. December 24, 1838. Wm. Blythe, sheriff. Proceeded after duly advertising the lot described in the levy, to sell the same on the first Monday of February, 1839, to the highest bidder, it being $75, bid by Solomon Spence, which, after paying the costs, commissions, and printer's fees, pays $49 62½, of the debt. No more goods and chattels, &c. to be found in my county, to make the balance of the money. February 21st, 1839.

WM. BLYTHE, sheriff."

The exception urged against this evidence in the circuit court, was, that the G. Driver and Shelly, named in the judgment entry, were not the Giles Driver and Jacob D. Shelly, named in the execution. To obviate this exception, the plaintiff gave in evidence, the papers in the original suit, in which the names of the defendants are set out, in the same manner as in the execution.

3d. A deed from William Blythe, sheriff of Talladega county, which recites the judgment and execution, but states the latter to have been issued on the 23d of December, 1838. The deed then recites the levy thus: "and did on the 24th day of December, 1838. levy the same on the following tract of land, as the property of the said Driver, to wit: one lot in the town of Talladega, the same on which said Driver and family resided when the levy was made, lying and being in the county of Talladega." It also states the advertising according to law, the proceedings of sale, &c. &c. and conveys to the plaintiff "the said tract of land, to wit: the lot above described, about three acres and one half, or thereabouts."

The introduction in evidence of this deed was resisted;

1st. Because the execution was issued on the 22d day of December, and not on the 23d, as therein described.

2d. Because the land mentioned in the deed is not described by any metes or bounds, or by any other sufficient. description.

3d. Because the land described in the deed does not correspond with the levy.

4th. Because the levy shewed no certain number of acres or quantity levied on; and the deed purported to convey a certain quantity.

5th. Because the deed did not conform with sufficient certainty, to the execution, and its indorsements, under which the land was sold.

The assignment of errors covers all the exceptions raised in the circuit court, except the decision on the demurrer to the declaration, which is not attempted to be reviewed and the form of the declaration is consequently not examined in the opinion of the court.

The cause was submitted without argument, by

W. H. CAMPBELL, for the plaintiff in error.
W. P. CHILTON, for the defendant in error.

GOLDTHWAITE, J.—The exceptions taken at the trial, to the admission of the evidence, were all properly overruled.

The exceptions, if available in any way, could be so only when the effect of the evidence was to be considered. The legal competency of the evidence offered, to sustain the issue joined, is apparent, when we consider that it was incumbent on the plaintiff, to shew a judgment and execution against Driver and also a sale by the sheriff, by virtue of said judgment and execution.

Thus the judgment against G. Driver & Shelly, was a necessary link in the chain of evidence to be produced. To ascertain whether this judgment was connected with the execution, it was competent to introduce the papers of the original suit, and thus. shew, that the G. Driver named in the judgment, was Giles Driver against whom the execution issued.

The execution and sheriff's deed, in like manner were indispensible links in the chain of evidence, and objections to their admission could only arise for the omission of proof of their au

thenticity.  Their *genuineness established*, they were before the jury, and if the whole evidence did not make out a case for the plaintiff, the whole might properly have been excluded.. There is no question that cases may arise, in which competent evidence may be given and afterwards excluded, when the case is closed by either party, for the reason that the whole evidence does not make out a case or a defence.

In the case before us, the defendant might have requested specific instructions, as to the legal effect of the whole or of any portion of the evidence before the jury, and thus have presented any question for the decision of the circuit court, which he contemplated to review in this.  However perplexing some of the questions attempted to be raised, might be, if presented in such a manner as to be capable of revision, we have no difficulty in arriving at the conclusion that the evidence offered and excepted to, was properly admitted.

Let the judgment be affirmed.