## ALLEN v. BEST.

1. Land was levied on under an execution issued by a justice of the peace, and an order made by the Circuit court directing its sale ; the costs, up to the time the papers were returned to court, were $3 81-100, and the entire costs are stated in the *venditioni exponas,* at $13 81-100. The order of court is, that the sheriff " be commanded to sell, &c.," and the terms of the *venditioni exponas* are, that he is " commanded to cause to be made of the lands, &c.: " Held, 1. That the inference is, that the costs were increased by the action of the Circuit court. 2. That the legal effect of the terms employed in the *order* and *venditioni exponas* is identical ; consequently, there was no variance between them.

2. *Quere?* will a purchaser at a sheriff's sale be affected by a variance between the *venditioni exponas,* and the order under which it issued, if the writ is not void.

WRIT of error to the Circuit Court of Barbour.

This was an action of trespass under the statute, at the suit of the plaintiff in error against the defendant, to try the title to a tract of land situate in the county of Barbour; as also to recover damages for its occupancy. The cause was tried on the plea of "not guilty," a verdict returned for the defendant, and judgment thereon rendered.

From a bill of exceptions sealed at the trial, it appears that the land in question had been levied on by a constable in virtue of an execution issued by a justice of the peace, and the papers and proceedings in the case before the justice, returned to the circuit court. The order of that court, after describing the land, affirming the regularity of the proceedings, &c., proceeds as follows: "therefore, on motion of the plaintiff, by attorney, it is ordered by the court, that the sheriff be commanded to sell said land in satis-

faction of said plaintiff's demand, and the costs, &c." In the order, the execution issued by the justice, is described as being for "Forty-eight 42-100 dollars, with interest thereon from the 19th day of May, 1841, $3 81—costs below." The *venditioni exponas* issued upon this order, after describing the land, &c., proceeds thus, "you cause to be made the sum of forty-eight 42-100 dollars, with interest thereon from the 19th day of May, A. D. 1841, which," &c.; "as also, the further sum of thirteen 81-100 dollars in and about the said suit in that behalf expended," &c. The defendant's counsel objected to the *venditioni exponas*, on the ground that it did not conform to the order of sale. The objection was sustained, and the writ excluded from the jury.

WM. COCHRAN, for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—We are at loss to perceive any material variance between the order of court directing a sale of the land, and the mandate by which it was carried into effect. In describing the execution which had been levied by the constable, the costs of the proceedings, up to the time they reached the circuit court, are stated in the order to have been three 81-100 dollars, while in the *venditioni exponas*, the *entire* costs are put down at thirteen 81-100 dollars. The fair inference is, that the costs were swelled to this latter sum by the action of the circuit court; the more especially as its mandate does not require or authorize any more to be collected than is thus expressed upon its face.

It is said by the plaintiff's counsel, that the only discrepancy pointed out is, that the court orders that the sheriff "be commanded to sell" the land, &c., while by the *venditioni exponas*, he is "commanded to cause to be made of the lands," &c. The legal effect of these terms is identical. When an executive officer is commanded by process to cause money to be made of property, he is authorized to sell it, for this is the only mode by which he can make it available in the collection thereof. This objection, then, is equally untenable as the first.

But suppose there was a discrepancy which did not go the extent of making the *venditioni exponas* utterly void, would a *bona fide* purchaser at the sheriff's sale be thereby affected? [Boren

et al v. McGehee, 6 Porter's Rep. 444; Wyman et al. v. Camp-
bell et al. id. 219.] We merely state this question; the view ta-
ken does not require that it should be answered.

The judgment of the circuit court is reversed. and the cause
remanded.