## ALABAMA CONFERENCE M. E. CHURCH SOUTH, vs. PRICE, EXECUTOR, &c.

[APPLICATION TO SET ASIDE SALE OF DECEDENT'S LANDS.]

1. *Amendment, of clerical misprision on error.*—Where in the initial sentence in a petition in the probate court, the petitioner, being a corporation, denominates itself as "The *Alabama* Conference of the Methodist Episcopal Church South," and in another part of the same petition, as the "*Annual* Alabama Conference of the Methodist Episcopal Church South ;" and the latter name being the correct one, is used throughout the record, even in the defendant's demurrer and plea ; this will be presumed to be a clerical error, and amended on error, and the petitioner as correctly denominated will be regarded as the plaintiff in interest, and this after a demurrer to said petition has been overruled ; especially when there are grave doubts whether the demurrer raises the question, and when it shows that it was not designed to present the point, and the question is for the first time raised on appeal.

2. *Corporation; proof required of its corporate capacity; question of its power to take legacy can not be raised for first time on appeal.*—The charter of a corporation is a private act, of which judicial notice can not be taken, and it has no right to a decree without proof of its corporate capacity, if the issues require such proof; this may be proved by parol evidence, when received without objection, and where the pleas failed to put in issue either the corporate capacity of the petitioner, or its capacity to take a legacy bequeathed it, by will ; and its corporate capacity having been proved by parol, without objection, and the question of its capacity to take the legacy under the will was not raised in the court below, the defendant must be deemed to have waived the question.

3. *When a sale of decedent's property, real and personal, by order of the probate court, is void.*—Where the property, both real and personal, of a testator was sold by his executor, by order of the probate court, upon the petition of said executor, and it nowhere appears from the record whether said petition was in writing, or if in writing what its contents were ; no affidavit, no notice, no evidence except the direction of the will, and said order is defective in its utter non-conformity to the requisitions of the statutes governing the exercise of said court's jurisdiction to order sales of land, and in the want of a petition stating a legal ground of sale, such order of sale is void; and, although it appears that the will gives authority to sell for a certain purpose, said sale can derive no aid from the power thus conferred by the will.

4. *Identity.*—Upon proper proof of identity, the "Annual Alabama Conference of the Methodist Episcopal Church South" may take a legacy to "the Alabama Methodist Conference South."

APPEAL from the Probate Court of Henry.

This was a proceeding instituted by the appèllant in said probate court, in which it, being a corporation, and a legatee and devisee, under the will of Henry C. Tison, deceased, sought to have set aside and declared void certain sales of real and personal property belonging to the estate of said decedent, made by H. W. B. Price, (the appellee,) his executor, under and by authority of the orders of said court. The petition was filed on the 14th November, 1866, and in the following words :

" *To the Probate Court of Henry county, Ala., Hon. M. B. Green, judge, presiding :*

[1.] The petition of the Alabama Conference of the Methodist Episcopal Church South, a corporation under the laws of Alabama, respectfully represents that Henry C. Tison, an inhabitant of said county, departed this life in the year 1862, seized and possessed of a large estate, real and personal, lying, beingand situate in said county ; that said decedent left a last will and testament, which has been duly proven and recorded in said court, and a copy of which is hereunto appended and made a part of this petition ; that upon the probate of said will one Hardy W. B. Price, now of Eufaula, Alabama, the executor named in said will, gave bond, took out letters testamentary, and assumed the execution of the same ; that under said will " The Alabama Methodist Conference South," meaning and intending thereby your petitioner, "The Annual Alabama Conference of the Methodist Episcopal Church South," is a devisee and legatee of said testator, and as such, took, after the payment of the debts, the proceeds of the sales of the real estate, stock of every kind, and the growing crop of said testator. Said real estate, as described by said executor, lies in three tracts, viz., &c. * * That under and by virtue of two certain orders entered by said probate court in vacation, the 1st dated August 16th, 1862, and the 2nd, October 18th, 1862, said executor sold all the property of said testator, and the sales made thereunder were confirmed by said Court

on the 17th day of January, 1863; that copies of said orders are hereby appended and made a part of this petition. Your petitioner avers that neither of said orders were founded upon any written application, and said orders and the sales made thereunder are null and void, upon the face of the proceedings; and second, that said executor, who had no interest in said estate, became the purchaser of the said "Ham Tract" for a trifling consideration, and one Albert Richardson, of said county, was the buyer of the other two tracts greatly below their true value; that if said illegal and improper administration of said estate is allowed to stand, said estate will become badly insolvent, and your petitioners defeated of its just and humane legacy and devise; that your petitioner has never received anything from said executor on account of said legacy, or devise; and further, that he has reported to said court, the estate of said testator, insolvent, and unless said sales are declared for naught, manifest injustice will be the consequence. Wherefore, your petitioner prays that said orders, dated August 16th, 1862, and October 18th, 1862, and the sales made thereunder, and said order of confirmation, be set aside and held for naught, for all just reasons, which may appear upon the face of the record and proceedings, as shall appear proper; that a day may be set to hear this petition, and said Price and Richardson duly notified thereof."

On the 21st January, 1867, the day set to hear the petition, H. W. B. Price, executor of the last will and testament of Henry C. Tison, deceased, came into court and filed his demurrer to said petition, assigning eight separate grounds of demurrer, the 4th being as follows: "Because said petitioners have not such an interest in the lands, the sale of which is sought to be set aside, as entitles them to proceed in this court to have said sale set aside."

The court overruled the demurrer. The defendant Price then filed six pleas, and went to trial on those pleas.

The petitioner or plaintiff introduced in evidence, the records of said probate court of the probate of the will of said deceased, the will, the grant of letters testamentary

3

to defendant Price, all the proceedings for the sale of
the property, the report of sales made by the executor, and
the order of said court confirming said sales.

The 2d item of the will of said Tison, is as follows : "I
hereby will and bequeath unto the Alabama Methodist
Conference South, all the proceeds of the sale of my real
estate, and also the proceeds of the sale of my stock of
any kind, after the payment of my just debts, out of said
sale of realty and stock."

The order of said court for the sale of the lands belong-
ing to the estate of said decedent, is as follows :

" Court of probate, in vacation, Oct. 18th, 1862.    This
day came H. W. B. Price, executor of the last will and
testament of Henry C. Tison, and files his petition for an
order to sell the lands, stock, and crop, and other property
belonging to said deceased under said will.    And it appear-
ing that the testator, by his will, duly probated in this court,
in this county, directs said property to be sold for certain
purposes therein specially named ; it is ordered by the
court, that the said executor do sell the lands of said de-
ceased, at public outcry to the highest bidder, at the late
residence of said deceased, on a credit of twelve and twenty-
four months, after giving thirty days notice of said sale, by
publication in the " Spirit of the South," a newspaper pub-
lished at Eufaula, Ala., there being no paper published in
this county.    It is further ordered, that said executor do
sell the stock and farming utensils, at public outcry to the
highest bidder, at the same place, after giving the same
notice.    It is further ordered, that said executor do sell the
crop of said deceased, at private sale, for cash, and that
he make due return of all the said sales according to law.
It is further ordered, that said application be recorded and
filed.                    E. W. TEAGUE, judge of probate."

The petition nowhere appears in the record.    A similar
order for the sale of certain personal property belonging to
said estate was made on the 16th August, 1862.    On the
3d December, 1862, the lands of said estate were sold under
said order, and on the 17th January, 1863, an order was
made by said probate court confirming the sale of said
lands.

The petitioner introduced the Rev. John J. Cassady as a witness, who, amongst other things, testified that he was a minister of the gospel, and belonged to the Methodist Episcopal Church South; that there is but one corporation in the State of Alabama known as the Alabama Methodist Conference South, and that one is, the Annual Alabama Conference of the Methodist Episcopal Church South, and that in ordinary language, and as understood among the people generally, "The Alabama Methodist Conference South," means the " Annual Alabama Conference of the Methodist Episcopal Church South."

The defendant then introduced in evidence all the other proceedings of record in said court,. relating to the administration of said estate, but it is not necessary to set them out here.

The court dismissed the petition, and refused the relief prayed for, and this ruling is now assigned as error.

W. C. OATES, for appellant.—1. If the orders under which the executor sold were void, the probate court had jurisdiction of the case made out by the application.— *Johnson v. Pynes*, 40 Ala. 247.

2. The orders and sales thereunder were null and void, since the orders were granted by the court in the absence of any petition, by the executor, showing a necessity for the sale, and until a proper application is filed in such cases, the jurisdiction of the probate court does not attach.— Code, sections 1743, 1744, 1754, 1750; Acts, 1853,–'4, p. 55 and 45; *Wyatt v. Rambo*, 29 Ala. 519; *Ikelheimer v. Chapman*, 32 Ala. 680; *Hall v. Chapman*, 35 Ala. 517; *King v. Kent*, 29 Ala. 542; 14 Ala. 348; 33 Ala. 301; 26 Ala. 639.

3. The will gave the executor no power of sale, and even if it did, he could not be heard to say, that he made the sales under the will, in order to give them validity, when the evidence shows that he sold under the orders of the court.—*McCollum v. McCollum, Ex'r*, 33 Ala. 712; 4 Kent Com. § 327.

4. The legacy to appellant does not fail by reason of the misnomer of the corporate name of the conference.—Acts, 1851–'2, p. 289. The evidence shows, that the testator

meant by " the Alabama Methodist Conference South,"
" the Annual Alabama Conference of the Methodist Epis-
copal Church South."—See Greenleaf on Evidence.

MARTIN & SAYRE, *contra.*—1. The petition to set aside
the sale is made by the " Alabama Conference of the
Methodist Episcopal Church South," a corporation under
the laws of Alabama.

The allegation in the petition is, " that under said will,
the Alabama Methodist Conference South, meaning and
intending thereby your petitioner, the *Annual* Alabama Con-
ference of the Methodist Episcopal Church South, is a de-
visee and legatee of said testator." The court will perceive,
that the party who files the petition is alleged to be, "the
Alabama Conference of the Methodist Episcopal Church
South," a corporation. The petition alleges that the real
party in interest is the " Annual Alabama Conference of
the Methodist Episcopal Church South," to whom the de-
vise was made by the name of the " Alabama Methodist
Conference South." The Annual Alabama Conference of
the Methodist Episcopal Church South, is not alleged to
be a corporation, and it is therefore apparent, that the
petition is filed by a party, shown by the petition to have no
interest in the matter, to have a sale set aside, the proceeds
of which are to go to another party. The court can not
presume that the " Alabama Conference of the Methodist
Episcopal Church South," and the Annual Conference of
the Methodist Episcopal Church South," are one and the
same. This presumption can not be made, because:
1. There is nothing incompatible in the existence of two
organizations named as above. There might very well be
an " Alabama Conference," and an " Annual Alabama Con-
ference ;" in fact, the word " annual" rather suggests the
idea that there was some other conference than the
" Annual Alabama Conference." 2. The petition alleges
that the " Alabama Conference of the Methodist Episcopal
Church South," by whom the petition is filed, is a corpor-
ation. There is no allegation that the " Annual Alabama
Conference of the Methodist Episcopal Church South," is
a corporation, and the court can not intend it. For this

reason, the fourth ground of demurrer to the petition ought to have been sustained. The court will look to the whole record, to ascertain whether the action of the court is correct, and if the judgment can be sustained on any ground, it will be done. And the precise point is, also, made in the answer of appellee to the petition.

3. But if the court should determine that the parties to the petition are sufficiently described, there is another ground upon which the judgment of the court must be sustained. The petitioner is alleged to be a corporation. This is a fact which the court cannot judicially know. It must be proved, and this can only be done by the act of incorporation itself. The failure to make this proof is fatal to appellant. The clause of the will which gives rise to these proceedings is the second, which is as follows : " I hereby will and bequeath unto the Alabama Methodist Conference South, all the proceeds of the sale of my real estate, and also the proceeds of the sale of my stock of any kind, after the payment of my just debts out of said sale of realty and stock." Under this clause, the executor had power to sell.— *Winston v. Jones & Haigh*, 6 Ala. — ; *McCollum v. McCollum's Ex'r*, 33 Ala. 711.

4. The fact that a power of sale was given by the will does not oust the probate court of its jurisdiction.— *McGowan v. Branch Bank at Mobile*, 7 Ala. 823 ; *Marriot, & Hardesty v. Givens*, 8 Ala. 694. If the probate court, however, had no jurisdiction to order the sale, the making of the order can not affect the validity of the sale, if a power of sale was conferred by the will. If the executor intended to execute the power, the execution will be good, although the power is not referred to.—1 Sug. on Powers, 356, and note 1, where it is said, " three classes of cases have been held to be sufficient demonstrations of an intention to execute a power. 1. Where there has been some reference to the power, in the instrument of execution. 2. Where there has been a reference to the property, which was the subject on which it was to be executed. 3. Where the instruments of execution would have no operation whatever, except as an execution of the power." " Where the donee has no estate in the premises, and his conveyance

can only be made operative by treating it as an execution of the powers to sell, it will be so considered." If it is held that the order of sale by the probate court is void, then the sale which was made can not be referred to that order. In that case, if there is any other power upon which the sale can be supported, it must be referred to that power. And this brings it within the rule laid down in Sugden. The sale was of the lands of the testator, which was the subject on which the power was to be executed. The instrument of execution, (that is the sale,) would have no operation, except as an execution of the power contained in the will. The donee had no interest in the estate, and his sale can only be made operative by treating it as an execution of the power to sell contained in the will. The fact that he made a return of the sale to the probate court, does not show that the sale was made under the order of the court. His report is merely of the amount for which the land sold, and the purchaser. This report he was bound to make, in order to settle the estate. He makes no report that the sale was made under the order of the court; it is merely stated to be " account of sales." But if the execution of the power be referred to two grounds, one of which is void, to uphold the execution, it will be referred to the power which is valid. But there is still another ground which is fatal to appellants. If the probate court had jurisdiction of the subject matter of the petition, the application to sell, and the sale was made too late. The law requires that it should be done in a *reasonable* time.—*Gilmer v. Calloway,* 36 Ala. 358.

5. The appeal ought to be dismissed. The party appealing is the " Annual Alabama Conference of the Methodist Episcopal Church South," and the petitioner is the "Alabama Conference of the Methodist Episcopal Church South."

A. J. WALKER, C. J.—This proceeding was initiated by a petition to set aside sales of real and personal property of a testate decedent, and the order under which the same were made, and also the order confirming such sales.

The court, after hearing the evidence, dismissed the petition.

1. The correctness of the action of the probate court is maintained upon several grounds. The first is, that the petition itself fails to show that the petitioner is interested in the object of the petition. The initial sentence of the petition is as follows : "The petition of the *Alabama* Conference of the Methodist Episcopal Church South, a corporation under the laws of Alabama, respectfully represents," &c. The allegation of interest is as follows : "Under said will the Alabama Methodist Conference South, meaning and intending thereby your petitioner, the Annual Alabama Conference of the Methodist Church South, is a devisee and legatee of said testator," &c. From these quotations it is perceived that in one part of the petition, the petitioner is called the "Alabama Conference of the Methodist Episcopal Church South," and in another part, the "Annual Alabama Conference of the Methodist Episcopal Church South." The petitioner is elsewhere throughout the record, even in the defendant's demurrer and plea, correctly denominated the "Annual Alabama Conference of the Methodist Episcopal Church South." We can only get to the conclusion, that the petitioner is not alleged to have an interest in the proceeding by regarding the Alabama Conference of the Methodist Episcopal Church South, as the plaintiff. It is very evident that such designation of the plaintiff at one place in the petition was a clerical error, which was not noticed in the court below, and could have been easily corrected, if it had been observed. Our attention is invited to the fourth assignment of demurrer, as presenting this point of objection to the probate court. The demurrer was overruled. Admitting that the court erred in overruling it, the decree of the court on the merits in favor of the defendant, cannot therefore be affirmed. It would not present the case of a decree right for a different reason from the one stated. Upon sustaining the objection the court would not have rendered a final decree, much less a decree conclusive on the merits, but would have permitted an amendment. The defendant cannot have his decree on the merits sustained

upon the ground that the court erroneously ruled against him upon a question not affecting the merits. The court could not render the final decree on the merits, forever concluding the parties upon the ground of the defect in the petition, that defect not being irremediable, and the decree cannot be affirmed on that ground. We are not at all sure that the fourth ground of demurrer raises the question. The demurrer shows at least that it was not designed to present the point. The question is really now presented for the first time. The decisions fully sustain us in refusing to reverse on account of the defect in the petition. Indeed, it is probably our duty to regard it as amended under our statute of *jeofails.*—Revised Code, § 2810 ; *Drummond v. Wright,* 1 Ala. 205 ; *McGinty v. Mabry,* 23 Ala. 672 ; *Walker v. M. M. D. and Insurance Co.,* 31 Ala. 529 ; *Henley v. Br. Bk. Mobile,* 16 Ala. 552.

2. The second ground upon which the appellee maintains his right to an affirmance, is that there is an entire omission of evidence of the corporate capacity of the petioner, and of its competency to take the legacy bequeathed. It must be conceded, that the charter is a private act, of which judicial notice cannot be taken, however familiar with it we may be.—Acts '51–2, p. 289 ; *Drake v. Flewellen,* 33 Ala. 106 ; Revised Code, § 2698. It may also be conceded, that the petitioner had no right to a decree without proof of its corporate capacity, if the issues required such proof. The corporate capacity was proved by the parol evidence of John J. Cassady, and this secondary proof was probably sufficient, when received without objection.—*Pearson v. Larrington,* 32 Ala. 266. The defendant pleaded six several pleas, and went to trial upon those pleas. Neither one of those pleas controverted the fact alleged in the petition, that the petitioner was incorporated by the laws of Alabama. Nor was this question of the capacity of the petitioner to take the legacy questioned by either of the pleas. The fourth plea says that the petitioner was not a legal legatee under and by virtue of the will. Aside from the fatal objection to this plea, on account of its mere assertion of a legal conclusion, it refers the absence of a capacity as a legal legatee to the will, and not to the want of an

act capacitating the petitioner to take under the will. The question of the petitioner's capacity to take the legacy under the will was not raised in the court below, and the record discloses, that it was not in the view of the court in deciding the case, and upon the authority of *Henley v. Br. Bk. of Mobile,* 16 Ala. 552, the defendant must be deemed to have waived the question of the power of the petitioner to take the legacy bequeathed.

3. We now proceed to consider the question of the validity of the orders of sale, and the sales made after such orders. The orders of sale apply both to real estate and personal property. For the obtainment of greater perspicuity we subdivide the question and examine it first in its relation to realty.

1. The order for the sale of the realty purports to have been preceded by a petition of the executor, but does not disclose whether the petition was in writing, or if in writing, what its contents were. The order recites as the reason upon which it is based, that it appeared to the court, that the will directed the property to be sold for certain purposes therein specially mentioned. There is no affidavit, no notice, no evidence, except of the direction of the will. The order of the court is certainly void. It is not only defective in its utter non-conformity to the requisitions of the statutes governing the exercise of its jurisdiction to order sales of land, and in the want of a petition stating a legal ground of sale, but the reason which it gives, is conclusive against the order. The direction in the will that the land be sold, vests the authority to sell in the executor, and presents a contingency in which there is no authority in the probate court to sell for the purposes of the will. The order shows no want of authority under the will to sell for the payment of debts, and no necessity to sell for a division among devisees, and upon examining the will we find it gives authority to sell for the payment of debts, and no division was required among the devisees. In support of the propositions of the two last preceding sentences we cite the following authorities:—Revised Code of Alabama, §§ 2079, 2221; *McCollum v. McCollum,* 33 Alabama, 711; *Winston v. Jones & High,* 6 Alabama, 550.

The probate judge refused to set aside the sales upon the ground, that the executors had power to sell bestowed by the will. The validity of the sale is thus referred to the power conferred by the will. The sale can derive no aid from the power, unless it was made under the power. Rules have been established to assist in ascertaining whether a sale is referable to the power, but the law is unvarying and unbending, that no support is given to a sale by a power when it is plain that the sale was made without reference to the power.—Sugden on Powers, m. p. 424, (top 471) § 20, m. p. 356, § 1, note 1 ; 2 Sto. Eq. Ju. 895, § 1062a; *Doe v. Roake*, 2 Bingham, 497–504 ; *Witherill v. Witherill*, 6 Har. (Pa.) 265, 270 ; *Jones v. Curry*, 1 Wilson's Chan. Cas. 24, S. C.; 1 Lu. Chan. 66 ; *Jones v. Wood*, 4 Harris (Pa.), 25, 42 ; *Hay v. Mayer*, 8 Watts, 203 ; *Powell v. Laxdale*, 2 B. & Alderson, 291–294 ; *Andrews v. Emmot*, 2 Browne's Chan. 297 ; *Nannock v. Norton*, 7 Ves. Jr. 391a ; *Bradley v. Wescott*, 13 Ves. Jr. 445 ; *Bennet v. Arburrow*, 8 Ves. Jr. 609 ; *Lowes v. Hackward*, 18 Ves. Jr. 168 ; *Buckland v. Bartow*, 2 H. Black. 136 ; *Jones v. Tucker*, 2 Mer. 532 ; *Doe v. Bird*, 11 East, 49. In this case, it is demonstrated that the sale was made under the order of the court. The bill of exceptions shows that such was the case, and then the application to the court for an order and for confirmation after the sale was made, lends confirmation to it. It is apparent that the will was not regarded as bestowing a power of sale. The sale was not made under the power, and derives no support from it. The court should have set aside the sale of the land, the order under which it was made, and the confirmation of the sale.

2. The same conclusion must be attained in reference to the personal property sold. There was no power in the probate court to order the sale, upon the ground stated, and its order is void. The sale was not made in reference to the power bestowed by the will, and can derive no authority from it.—Revised Code, §§ 2067, 2068.

4. Under the proof, there can be no doubt, that the Annual Alabama Conference of the Methodist Episcopal Church South, took the legacy to the Alabama Methodist Conference South.—*Carter v. Balfour*, 19 Ala. 814 ; 2 Story's

Equity Jurisprudence, 1169–1172; 2 Redfield on Wills, 808–836, §§ 62–90.

Reversed and remanded.

BYRD, J., not sitting.