PLASTER v. THE ILLINOIS CENTRAL R. R. Co.

1. Railroad: NEGLIGENCE: LIABILITY FOR STOCK KILLED. Where a party seeks to recover against a railroad company for stock killed on its depot ground, the burden is upon him to establish negligence on the part of the company, and if he fails to do this the verdict will be set aside.

2. —— That the train was running at a rate faster than usual is not sufficient to establish negligence.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, DECEMBER 13.

THIS action is brought to recover the value of a mare belonging to the plaintiff which, it is alleged, was killed by the negligent running of a train of freight cars on defendant's railroad, at the depot on said road in Dyersville. Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

*Crane & Rood* for the appellant.

*Cady & Meyer* for the appellee.

MILLER, J.—It is insisted by appellant's counsel, that there is no sufficient evidence to sustain the verdict in this case. Counsel agree that, in order to entitle the plaintiff to recover, it must be shown that the mare was killed through the negligence of the defendant.

The witnesses on behalf of the plaintiff testify that they saw the train after it had passed the depot; that it was running fa·ter than they generally do; that the train did not stop at the station; that they saw plaintiff's mare after she was killed, a short distance south of the track at the depot. None of the witnesses saw the mare struck by the train, and they all say, plaintiff and two others, that they

did not hear either the bell or whistle sounded when the train passed the station.

At the time the mare was killed (December 13, 1871) it was shown by defendant's witnesses and it is not controverted, that this train was due at Dyersville at fifteen minutes before six o'clock. There is no evidence that it arrived ahead of time, but there is evidence that it was about ten minutes behind time, and that it was dark or nearly so when the train arrived at the station. The engineer and fireman on the train are the only witnesses who testify of having seen the mare killed. They both testify that the whistle was sounded at the whistling-post about a quarter of a mile east of the station, which was the usual place for sounding it; that the train was running at the usual rate of speed when passing a station without stopping; that the bell was rung 300 yards east of where the mare was struck, and was ringing when she was struck. The engineer testifies that the first he saw of the mare was as she jumped into the light of the head-lamp on the engine, immediately in front of the engine, and that she lit upon the pilot about two yards from the depot platform. He says he was sitting on his seat in the engine on the north side looking ahead of the engine and watching; that the train could not have been stopped or speed slackened after he saw the mare. The fireman says that he was standing in the engine looking ahead and ringing the bell and did not see the mare until after she was struck and thrown over on the south side of the track by the engine. These witnesses also testify that before and when the mare was struck the engine was not working steam, but after they arrived at the depot steam was applied and the speed increased.

It is too clear for doubt that this evidence does not make a case of negligence on the part of the defendant. At the time the mare came upon the track, it was impossible to avoid striking her.

The engineer and fireman were both at their proper places on the watch for any obstruction that might be on the track, and the mare was not seen by either of them until she jumped thereon immediately in front of the engine. The evidence is conflicting in respect to the speed of the train, but even if it was running faster than usual, that fact alone is not sufficient to establish negligence. The object of railroad carriage is to transport passengers and freight at a rapid rate of speed, and there is no statute in this State regulating or fixing the rate of speed that may be attained; nor is there any evidence tending to show that the injury to plaintiff's mare was by reason of the train being run faster than usual or for want of signals being given.

For the insufficiency of the evidence to sustain the verdict the judgment is reversed and a new trial awarded.

Reversed.