# Southern Life Ins. Co. *v.* Roberts.

*Action by Payee, on Accepted Draft, against Acceptor.*

1. *Action by foreign corporation; amendment of complaint in averment of plaintiff's corporate character.* — In an action by a foreign corporation, if the complaint does not aver the plaintiff's corporate character, the cause should not be struck from the docket on that account, but an amendment should be allowed to supply the defect.

APPEAL from the Circuit Court of Limestone.
Tried before the Hon. W. B. WOOD.

WM. H. WALKER, for the appellant, cited 52 Mo. 17; 36 Indiana, 288; 9 Ala. 513; 31 Ala. 529; 36 Ala. 703; 35 Ala. 477; 46 Ala. 104; Rev. Code, §§ 2657, 2808–9; 29 Ala. 623; 30 Ala. 636; 27 Ala. 326, 532.

McCLELLAN & McCLELLAN, *contra*, cited *Ex parte Collins,* 49 Ala. 69; 47 Ala. 674; 44 Ala. 585; 28 Ala. 577; 33 Ala. 662; 10 Ala. 791; 1 Chitty, 256; 7 Wendell, 540; 8 Wendell, 480; 42 Ala. 48; 33 Ala. 106; 5 Wendell, 478; 15 Wendell, 314; 40 N. Y. 410; 106 Mass. 559; 37 Cal. 354.

MANNING, J.—The complaint in this cause begins as follows: " The plaintiff, *the Southern Life Insurance Company, of Memphis, Tennessee,* claims of the defendant," etc. A good cause of action is then set forth, upon an acceptance by defendant of the draft of another person upon him, for a sum of money payable to plaintiff. A demurrer was filed, among other reasons, because the names of the individual partners composing the company, if it be a partnership, were not set forth, and because, if the company be a corporation, it was not alleged and shown how it became so. The demurrer having been sustained by the court, and leave given plaintiff to amend, subject to objection to the amendment when offered, he proposed to set forth in the complaint that the plaintiff was " a body corporate, made public by virtue of the laws and statutes of the State of Tennessee, with a right to sue and be sued " in the name by which it

was designated in this complaint. The motion thus to amend was overruled, and the court ordered the cause to be stricken from the docket; to which plaintiff excepted, and which is now assigned as error.

The action of the court was founded upon the idea, we presume, which is here insisted upon, that there was no party plaintiff in the cause from the beginning, and that this being so, none could be introduced by an amendment; wherefore, the only proper thing to be done, was to order the cause to be stricken from the docket. The argument of appellee's counsel is as follows : " *The Southern Life Insurance Company, of Memphis, Tennessee*, must be either a *competent* plaintiff, or it is no plaintiff at all. There is no middle ground, between competency on the one hand, and incompetency on the other. We submit, that there was never any party plaintiff in the cause, and that it was the duty of the court, *ex mero motu*, or on the motion of an *amicus curiae*, to strike the complaint from the files." This argument appears to be founded on the assumption, that, because the company had the power to sue only as a corporation, if it was not alleged in the complaint that it was a corporation, and how it was created, there is no plaintiff at all, and therefore no suit. We cannot concur in this view. The corporation does not, even *quoad hoc*, become non-existent, by a failure to describe the manner and place of its origin. It continues to be a body politic. In this instance, it comes into court by attorney, and with its right name—that conferred upon it, and by which it is known; and we see no reason for denying to it leave to set itself right, as any other suitor may do, upon the record.

The objection of appellee would be more plausible than it is, if the company had sued by a wrong name—one which was not the name of any person or corporation whatever. Yet, even in this case, it would be permitted to amend, under our statute of jeofails, as a natural person would be, whose name should be incorrectly set forth. In the case of the *Alabama Conference, etc. v. Price* (42 Ala. 47), the initial proceeding began as follows: "The petition of the *Alabama Conference of the Methodist Episcopal Church South*, a corporation under the laws of Alabama, respectfully represents," etc. Now, there was no corporation of that name. Its real name was, as mentioned in other parts of the record, " *The Annual Alabama Conference of the Methodist Episcopal Church South*." Wherefore, it might be said, there was no plaintiff. A demurrer, interposed for that cause, was overruled; which being under consideration here, this court, by WALKER, C. J., said : "Upon sustaining the objection, the court would not

have rendered a final decree, much less a decree conclusive of the merits, but would have permitted an amendment." The authorities cited for appellee do not establish a contrary doctrine. Our statutes are very liberal, in allowing the correction of errors in pending causes, by an amendment; and there was manifest error in the ruling of the court in this instance.

We observe that, by the amendment of the complaint, it was proposed to allege, that plaintiff was a *public* corporation. From the nature of the institution, we should have supposed it could not be so classed. If the transaction by which it acquired the drafts declared on, and became the creditor of defendant, were within the capacity with which it was endowed by its charter, there was nothing to hinder it, as such creditor, from suing its debtor. The allegation that it is a public corporation, if it was not so, can do only harm —certainly no good.

Let the judgment be reversed, and the cause be remanded.