# Western Railway of Ala. *v.* Sistrunk.

*Action against Railroad Company, for Injuries to Mules.*

1. *Amendment of summons and complaint, in description of defendant's name.*—In an action against a railroad company, the summons and complaint may be amended (Code, § 3156), by adding an averment that the defendant is a body corporate, and is sued in its corporate capacity; such amendment neither introducing a new party, nor working a departure or variance.

2. *Sufficiency of complaint, in averment of time and place.*—In an action against a railroad company, to recover damages for injuries to live-stock (Code, 1876, § 1611), it is sufficient averment of time and place, to state that the injury was done "on or about the 20th September, 1887," and "at a place on said railroad about seventy-five or one hundred yards distant from Cowles Station in said county."

3. *Proof of time and place of injury as alleged.*—Under a complaint averring that the injury was done "on or about the 20th September," the plaintiff may prove that it was "on or about the 18th September," or "between the 16th and 20th September;" and under an averment that it was at a place on the railroad "about seventy-five or one hundred yards distant from Cowles Station," may prove that it was at a place on the railroad within one hundred and fifty yards of said station.

4. *Declaration of agent, as evidence against principal.*—Two mules having been run over and killed or injured by an engine in charge of an engineer and fireman, while running by night, the declaration or exclamation of the fireman to the engineer, "immediately after" running over the first mule, "You have knocked off one on this side," is not admissible as evidence against the railroad company, unless facts are shown whch bring it within the principle of *res gestæ*.

5. *Statutory liability of railroad company for injuries to live-stock.*—Under statutory provisions making a railroad company liable "for all damages to persons, stock, or other property, resulting from a failure to comply with" statutory requirements (Code § 1144), it is not necessary that this failure shall be the sole or immediate cause of the injury, but only that it contributed, with other concurring and efficient causes (not including plaintiff's own fault), to produce the injury.

6 *Same.*—The failure of the engineer to keep a diligent lookout for obstructions, and his failure to ring the bell (or blow the whistle) under the circumstances specified in the statute, are each violations of a statutory duty; and if such failure reasonably contributed to the injury, the plaintiff himself not being guilty of contributory negligence, the railroad company is liable.

7. *Same; rate of speed as showing negligence.*—The statute does not regulate the speed of railroad trains in passing stations, nor, except when entering a curve crossed by a public road, where the engineer can not see at least one-fourth of a mile ahead, require that the speed

[Western Railway of Alabama v. Sistrunk.]

shall be moderated; and in the absence of statutory provisions in this respect, the question of negligence *vel non* must be determined by the rules of the common law; nor can it be declared, as matter of law, that any rate of speed is negligence *per se.*

8.  *Same; obstructions or animals on or near track.*—The duty of the engineer to frighten animals away from the track, by using the whistle or bell, is not limited to his discovery of them on the track, or approaching it; but arises whenever he sees (or ought to see) them in dangerous proximity to the track, and under circumstances indicating danger that they may get on it.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by J. E. Sistrunk, to recover damages on account of injuries to two mules, which were run over by an engine with tender attached belonging to defendant, one of them being killed; and was commenced on the 6th February, 1888. In the original summons and complaint the defendant was described as "the Western Railway of Alabama," without other descriptive words. The attorney of the railroad company, as *amicus curiæ*, moved to strike the case from the docket, on the ground that the defendant named did not appear to be a legal person capable of being sued; but the court overruled the motion, and allowed the plaintiff to amend the summons and complaint, by adding the words "a body corporate," after the name of the defendant. The defendant objected and excepted to the allowance of the amendment, and also demurred to the amended complaint, assigning as grounds of demurrer: 1st, that the amendment worked a departure and variance; 2d, that it introduced a new party defendant. The complaint alleged that the injury was done "on or about the 20th day of September, 1887, at a place on said railroad about seventy-five or one hundred yards distant from Cowles Station in said county." The defendant demurred to the complaint, on the ground that these averments of time and place were too uncertain and indefinite. This demurrer being overruled, the defendant pleaded not guilty, and contributory negligence on the part of plaintiff; and the cause was tried on issue joined on these pleas.

On the trial, as the bill of exceptions shows, the plaintiff, testifying as a witness for himself, stated that his two mules were killed and injured by the defendant's engine, "on or about the 18th September last, some time between the 16th and 20th September, 1887, at a point on said railroad within one hundred and fifty yards of Cowles Station in said

23

[Western Railway of Alabama v. Sistrunk.]

county." The defendant objected to each part of this evidence, and excepted to its admission. The defendant introduced one McWaters as a witness, who was the engineer in charge at the time of the accident, and who testified, in substance, that he and the firemen were the only persons in charge of the engine and tender, no cars being attached; that they were running at a speed of thirty miles per hour, until they came within a half-mile of Cowles Station, when the speed was slackened to twelve miles per hour; that he then blew the whistle, and rang the bell at intervals, until the mules were struck; that the night was dark, and the time between eight and nine o'clock; that there was no public road crossing at the place where the accident occurred, but it "was near a private crossing of plaintiff's, which led from his horse-lot to his pasture; that he and the fireman "were both at their posts, looking out in front of the engine, the fireman being on the left, and witness on the right; that the fireman, when they were within a few feet of said private crossing, called out, 'Look out,' when witness saw a mule jump on and over the track, some ten or fifteen feet ahead of the engine; that he immediately reversed the engine, and had scarcely finished doing so, when another mule jumped on the track, immediately in front of the engine, and so near that it was at once caught upon the bumper, or pilot; that he saw the head and ears of the mule hanging over on his side, while its body lay upon the front part of the engine; that he then applied steam suddenly, fearing that, if he continued to run so slowly, the mule might roll down in front of the pilot and derail his engine, and the mule was thrown off to the right of the engine; that the mules came suddenly on the track from the left side, where the horse-lot was, and the first crossed the track unhurt; that the second was caught on the bumper, or pilot, almost instantly upon its coming on the track; that he did not see but the one mule that was struck by the engine, but his fireman told him at the time of the accident—Plaintiff here stopped the witness, and objected to what the fireman said. Defendant then offered to prove by said witness, that immediately after running into said second mule, and while it was lying on the bumper of the engine, the fireman said, '*You have knocked off one on this side.*'" The court excluded this evidence, and the defendant excepted.

The engineer further testified, "that no human power could have prevented the accident, after the mules were dis-

covered on the track, or so near as to indicate that they were about to come on it; and that there was nothing known to skillful engineers that could have been done to avert the injury to the mules, which was not done on this occasion." The fireman also testified, as a witness for the plaintiff, in substance as the engineer had testified, and, in addition thereto, that immediately after the second mule came "on the track, and was caught on the pilot, there came a third mule on the track, so near in front of the engine that its front feet were caught by the wheels, and its body knocked back on the left side of the road, from which side all the mules came; and that when he first saw the mules, they came running towards the track, from the direction of plaintiff's lot, and were within a few feet of the track." Several witnesses for the plaintiff testified, in rebuttal, that they were near the place at the time of the accident, and did not hear either the whistle or the bell.

The court gave the following charges, asked by plaintiff: (1.) "If the jury believe from the evidence that, at or before the locomotive struck the mules, the engineer was not keeping a strict lookout ahead, and that such failure materially contributed to the injury to the mules, then they must find for the plaintiff."   (2.) "If the jury believe from the evidence that the locomotive was running at a very rapid rate of speed at the time the mules were struck, and because of that fact the mules were injured, then they must find for the plaintiff."   (3.) "If the evidence does not show that the engineer blew the whistle, or rang the bell, or had it done, at least one-fourth of a mile from the station, and did not continue to blow or whistle at short intervals until he reached the station, and that such omission reasonably contributed to the injury to the mules, then they must find for the plaintiff."   The defendant duly excepted to each of these charges as given, and also to the refusal of the following, which was asked in writing:   "(A.) If the jury find from the evidence that, at the time of the injury, the train was running from twelve to twenty-five miles an hour; and that the engineer was at his post, keeping a proper lookout; and that his engine and tender were properly manned, and supplied with good and sufficient headlight and brakes; and that as soon as the mules were perceived upon the track, or approaching it in such manner as to indicate to a reasonable man that they were about to come upon the track, the engineer did discover them, and immediately used all means in his power known to

[Western Railway of Alabama v. Sistrunk.]

skillful engineers to stop the train, such as the application of brakes, and the reversal of the engine; then the defendant is not liable."

All the rulings above stated are now assigned as error.

GEO. P. HARRISON, Jr., for appellant, argued all the assignments of error, and cited the following authorities: *M. & G. Railroad Co. v. Caldwell*, 83 Ala. 196; *Ala. Gr. So. R. R. Co. v. McAlpine & Co.*, 75 Ala. 113; *E. T., Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150; *Railroad Co. v. Deaver*, 79 Ala. 216; 19 Amer. & Eng. Railroad Cases, 512; 68 Ill. 576; 40 Iowa, 205; 67 Me. 100; 64 Mo. 267; 1 Vroom, N. J. 188; Shear. & Redfield on Negligence, § 478.

W. F. FOSTER, and ABERCROMBIE & BILBRO, *contra.*

SOMERVILLE, J.—1. The Circuit Court properly allowed the complaint and summons to be amended, so as to show that The Alabama Railway Company was a body corporate, and was sued in its corporate capacity. The amendment did not operate to substitute a new party defendant to the suit. It only added words of more accurate description. *Southern Life Ins. Co. v. Roberts*, 60 Ala. 431; *Ga. Pacific Railway Co. v. Propst*, 83 Ala. 518. The demurrer to the complaint, and the motion to strike the cause from the docket, based on this supposed departure or variance in the pleadings, was properly overruled. The objections raised were fully obviated by the amendment.

2. The complaint, in our opinion, complied with the statute, and was sufficiently certain in averring the time and place of the alleged injury, as "on or about the 20th of September, 1887," and as "at a place on said railroad about seventy-five or one hundred yards distant from Cowles station in Macon county." The purpose of this statutory requirement, in existence at the time of the alleged injury (Code, 1876, 1711), but now repealed, it seems, by omission from the new Code of 1886 (§ 1150), was "to inform the railroad officials, with reasonable certainty, as to the circumstances attending the alleged injury, so that they may act advisedly in the investigation of the case, either with the view of voluntary adjustment, or of defense at law."—*E. Tenn., Va. & Ga. R. R. Co. v. Carloss*, 77 Ala. 443. The averments practically accomplished this purpose, and the ground of demur-

rer raising the objection of uncertainty was properly over-ruled.

3. In this view of the law, the action of the court was free from error, in admitting evidence showing an injury to plaintiff's mules "on or about the 18th September," or "between the 16th and 20th of September," in the year 1887, and within a hundred and fifty yards of Cowles station, situated on the line of defendant's railway. The evidence in question tended substantially to prove the allegations of the complaint as to the injury complained of in the action.

4. It is not clear from the record that the court committed error in excluding the statement of the witness McWaters, who was engineer in charge of the locomotive at the time of the accident, as to what the fireman said "immediately after" running into the second mule, and while it was lying upon the bumper of the engine. The facts in evidence do not show with sufficient certainty whether this exclamation, which seems to have had reference to an injury to a third mule, was so intimately connected with the act of injury to which it referred, as to constitute it a part of the *res gestæ*, or whether it was merely narrative of a transaction already past.—*Dismukes v. State*, 83 Ala. 287; *Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 182. The *onus* is on the appellant, who challenges the correctness of the ruling, to satisfactorily show the error of which he complains.

5. If the failure of the engineer to keep a diligent lookout for obstructions on the track materially *contributed* to the alleged injury to the plaintiff's stock, this would be sufficient to impose a liability on defendant for the resulting damage, the plaintiff himself being free from fault. The requirement of the statute—that the damage to personal property, for which a railroad is liable, should *result* from its failure to comply with statutory requirements, or other negligence of the company—does not mean that this negligence should necessarily be the sole or immediate cause of the injury. It means nothing more than that the injury must be the natural and proximate consequence of the negligence. If the defendant's wrongful act is one of two or more concurring efficient causes, other than the plaintiff's fault, which co-operate directly to produce the injury, this, under the authorities, is all that is requisite to fasten a liability on him.—*New Philadelphia*, 1 Black (U. S.), 62; Shearman & Redfield on Negl. § 10, note 2, and cases cited. This is all in substance asserted by the first charge given at the request of the plaintiff.

[Western Railway of Alabama v. Sistrunk.]

6.   It is clearly the theory of these statutory require-
ments, imposing on engineers of railroad companies the duty
to ring the bell, or blow the whistle, under certain circum-
stances (Code, 1876, §§ 1699–1702), that the proper and
timely discharge of these duties will probably exert some
influence in preventing injuries to persons, and to live-stock.
It may furnish warning to persons, and tend to frighten ani-
mals away from the track.—*Tonawanda R. R. Co. v. Mun-
ger*, 49 Amer. Dec. 266, *Note*, and cases cited; *S. & N. Ala.
R. Co. v. Jones*, 56 Ala. 507; *Aycock v. Wilmington R. R.
Co.*, 6 Jones' L. (N. C.) 231; *E. T., Va. & Ga. R. R. Co. v.
Bayliss*, 77 Ala. 429. If a failure of the engineer to com-
ply with these statutory requirements reasonably contributed
to the injury done plaintiff's stock, the defendant would be
liable, there being no question of plaintiff's contributory
negligence in the case. The third charge given at plaintiff's
request, bearing on this point, was substantially correct.

7.   The court erred, however, in giving the second charge
requested by the plaintiff, which asserted that, if the rail-
road locomotive was running at a very rapid rate of speed at
the time the mules were struck, and the injury occurred be-
cause of this fact, the defendant would be liable. The stat-
ute does not regulate the speed of railroad trains in passing
stations, nor require them to check their speed, except when
entering "a *curve* crossed by a *public road*," where the en-
gineer can not see at least one-fourth of a mile ahead. Here
they "must approach and pass such crossing at such speed
as to prevent accident, in the event of an obstruction at the
crossing."—Code, 1886, § 1144; Code, 1876, § 1699. The
movements of trains in towns and cities are authorized to be
regulated by the municipal authorities.—Code, 1886, § 1519.
Except so far as changed by statute, no particular rate of
speed, however rapid, can, *per se*, or as matter of law, be
evidence of negligence. And it is quite proper in this pro-
gressive age of inventions in science and art, when the ne-
cessities of commerce are every day demanding more rapid
transit, that no such unprogressive rule of law should be
promulgated by our courts. The authorities are uniform in
support of this view, and I trust always will be.—*E. T., Va.
& Ga. R. R. Co. v. Deaver*, 79 Ala. 216; *Tonawanda R. R.
Co. v. Munger*, 49 Amer. Dec. 267, *Note*, and cases cited;
Shearman & Redfield on Negl. § 478. It has often been
held, under statutes similar to our own, that the mere fact
that a train was running at a very rapid speed, even at a

[Muse v. Dantzler.]

crossing, is not sufficient evidence of negligence to render the company liable for injury to cattle.—*Toledo R. R. Co. v. Barlow*, 71 Ill. 640; *Plaster v. Illinois R. R. Co.*, 35 Iowa, 449; *Lafayette R. R. Co. v. Shriner*, 6 Ind. 141. Where the statute is inapplicable, the question of negligence *vel non* must be governed by the rules of the common law.—*Louisville R. R. Co. v. Commonwealth*, 26 Amer. Rep. 205, and *Note*, pp. 207–211; *Deaver's case*, 79 Ala. 216, *supra*. The charge under consideration was a clear violation of these principles.

8. The first charge, marked "A," requested by the defendant, was misleading, and on this account was properly refused. It assumes, that no duty devolved on the engineer to use any precaution to frighten the mules away from the track, by the use of the whistle or bell, until he discovered them actually on the track, or else approaching it. This duty might exist, if he saw, or by the use of due diligence ought to have seen, the animals in dangerous proximity to the track, and under circumstances indicating danger of their getting on the track—a feature of the case which the charge improperly withdrew from the jury.—*S. & N. R. R. Co. v. Jones*, 56 Ala. 507.

The court committed no error in refusing the general affirmative charge requested by defendant.

Reversed and remanded.