# Rosenberg *v.* Claflin Company.

### *Attachment.*

1. *Security for costs; waiver.*—A motion to require plaintiff to give security for costs, because a non-resident (Code, § 2858), will be presumed on appeal to have been waived or abandoned, when the record does not show that it was acted on, or even that it was called to the attention of the court.

2. *Notice of levy of attachment; waiver.*—In an action commenced by attachment, the case does not stand for trial at the first term, unless the attachment is levied and notice thereof given twenty days before the commencement of the term (Code, § 2995); but the failure to give the notice is not good cause for dismissing the attachment at that term, and is waived by a general appearance, filing pleas, and going to trial.

3. *Description of plaintiff as partnership or corporation; amendment of affidavit.*—In an action commenced by attachment in the name of

"*H. B Claflin Company,*" without other descriptive words, an amended affidavit may be filed (Code, § 2998), alleging that the plaintiff is a corporation.

4. *Plea of nul tiel corporation.*—Under statutory provisions (Sess. Acts 1888–9, p. 57), a plea denying plaintiff's corporate existence must be verified by affidavit.

5. *Specification of grounds of demurrer.*—When the judgment-entry recites that a demurrer was sustained to a special plea, but the record does not show what grounds of demurrer, if any, were specified, this court can not review the ruling.

6. *Plea denying each and every allegation of complaint.*—In an action by a corporation, the complaint containing the common counts only, a plea denying "each and every allegation of the complaint" amounts only to the general issue.

7. *Error without injury in ruling on pleas.*—Sustaining a demurrer to a plea, if erroneous, is error without injury, when the defendant had the benefit of the same defense under another plea, on which issue was joined.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN MOORE.

The record shows these facts: On the 20th January, 1891, an attachment was sued out in the name of "H. B. Claflin Company," without other words of description, against F. S. & H. Rosenberg; and was levied by the sheriff on the defendants' stock of goods. The sheriff's return on the attachment stated that he gave personal notice of the levy to the defendants on the 22d *March*, and the same date is copied in the return to a *certiorari.* During the trial term, March 18th, leave was ·granted to the sheriff to "amend his return on the notice to the defendants of the levy of the attachment," but the record does not show what amendment, if any, was made. On the same day, leave was granted to the plaintiff to file an amended affidavit; and an amended affidavit was accordingly filed, which alleged that plaintiff was a body corporate. A complaint was filed February 23d, 1891, in which the plaintiff was described as a body corporate, and which contained only the common counts. On the 19th March, the defendants entered a motion "to dissolve and dismiss the attachment, and to quash and dismiss the levy," specifying eleven grounds, which were, in substance, (1) because of a variance between the original and the amended affidavits; (2) because the amended affidavit does not state whether the plaintiff is a domestic or a foreign corporation; (3) because the amended affidavit made an entire change of parties; (4) because a sufficient attachment bond was not given; (5) because no notice of the levy of the attachment was given to the defendants. On March 21st, defendants entered a motion to require plaintiff (1) to give a new bond, and (2) to give security for the costs. On the

[Rosenberg v. Claflin Company.]

same day, as shown by the judgment-entry, the court over-ruled the motion to dismiss, and required plaintiff to give a new bond; but the record does not show any action on the motion to require security for the costs. The defendants then filed eleven pleas, numbered consecutively from 1 to 9, and then 12 and 13. The 1st plea alleged that the plaintiff "is not a corporation duly authorized by law to maintain this suit;" the 2d and 3d each, in substance, that plaintiff was a foreign corporation, and had not complied with the constitutional and statutory provisions restricting the right of such corporations to do business in Alabama; the 4th set up the variance in the description of the plaintiff in the two affidavits; the 5th, that the attachment was not sued out by said corporation, nor by any agent or attorney in its behalf; the 6th, that the complaint shows an entire change of parties plaintiff; the 7th, that the action was commenced without a party plaintiff; the 8th, that the complaint and amended affidavit "show a new and different action from the one orig-inally commenced;" the 9th, the same in substance as the 8th; the 12th, the general issue; and the 13th, a denial of "each and every allegation of the complaint." The judg-ment-entry recites that the plaintiffs demurred to the 13th plea, and that the court sustained the demurrer; but the demurrer is not set out, nor the grounds of demurrer, if any were specified. It is recited, also, that the court struck from the files, on motion, "pleas numbered 1, 4, 5, 6, 7, 8, and 9," and that issue was joined on the remaining pleas, Nos. 2, 3, and 12.

The defendants appeal, and make numerous assignments of error, founded on the rulings above stated. There is no bill of exceptions in the record.

GASTON A. ROBBINS, for appellants.

DAWSON & PITTS, contra.

WALKER, J.—1. The record fails to show that any ac-tion was taken by the Circuit Court on the motion of the defendants to require the plaintiff to give security for the costs. As it does not appear that the motion was insisted on, or even called to the attention of the court, the pre-sumption on appeal is that it was abandoned or waived. *Hutcheson v. Powell*, 92 Ala. 619; *Covington County v. Kinney*, 45 Ala. 176; *Dougherty v. Colquitt*, 2 Ala. 337.

2. A suit commenced by attachment is triable at the re-turn term of the writ, if the levy has been made and notice

thereof given twenty days before the commencement of such term.—Code, § 2995. If the notice of the levy has not then been given, and the defendant does not appear, the case can not be tried at that term; but it may be continued, and notice of the levy may be given thereafter. No reason is perceived why the mere failure of the officer to serve the notice at the proper time should confer on the defendant the right to have the attachment dismissed. However that may be, it is plain that nothing remains to be accomplished by a service of the notice, if the defendant voluntarily appears and pleads to the complaint. The purpose of the notice is to afford the defendant the opportunity to appear and make defense. A general appearance dispenses with the necessity of a formal notice, and is a waiver of any previous irregularity in the service of process.—*Lampley v. Beavers*, 25 Ala. 534; *Moore v. Easley*, 18 Ala. 619; *Peebles v. Weir*, 60 Ala. 413. The appearance of the defendants in this case was not limited to the purpose of the motion to quash the levy and to dissolve and dismiss the attachment. They recognized the case as in court by filing a number of pleas, several of which involved a recognition of the service of the writ of attachment, and by going to trial, without objection, so far as the record discloses. All objections because of the failure of the officer to serve written notice of the levy were waived by this general appearance. If the defendant in attachment appears and pleads, the cause proceeds as in suits commenced by summons and complaint.—Code, § 2996. In claiming that the motion to quash the levy and to dissolve and dismiss the attachment should have been granted because of the failure to serve written notice of the levy, the appellants urge an objection which has been removed by themselves.

3. The original affidavit for the attachment correctly stated the name of the plaintiff, but did not describe it either as a partnership or as a corporation. The plaintiff was permitted to file an amended affidavit, in which its corporate character is duly stated. It has been held that the absence of an allegation of the plaintiff's corporate capacity, in an original complaint filed by a corporation, could not be regarded as a failure to name any plaintiff at all, and that an amendment of the complaint by stating the plaintiff's corporate character should be allowed.—*Southern Life Ins. Co. v. Roberts*, 60 Ala. 431; *Alabama Conference v. Price*, 42 Ala. 47. Such an amendment is a mere correction of the description of a plaintiff, already named; it does not amount to a departure from the original complaint, to the institu-

tion of a new action, or to the introduction of a different party plaintiff. A similar amendment of the affidavit in an attachment case is plainly authorized by the provision of the statute that the plaintiff, before or during the trial, must be permitted to amend any defect of form or substance in the affidavit; and no attachment must be dismissed for any defect in the affidavit, if the plaintiff, his agent, or attorney, will make a sufficient affidavit.—Code, § 2998. The mandate of the statute, that the attachment law must be liberally construed to advance its manifest intent, need not be invoked to justify this conclusion. The sufficiency of the defendants' pleas numbered 4, 5, 6, 7, 8 and 9 depended upon the correctness of the assumption that the suit was not commenced by the plaintiff corporation, because its corporate capacity was not stated in the original affidavit. That assumption was erroneous, and there was no error in striking the above mentioned pleas from the files. None of them presented a valid defense to the suit.

4. The first plea was a denial that the plaintiff is a corporation authorized to maintain this suit. This plea was insufficient, because it was not sworn to. It presented an issue as to the existence of the plaintiff as a corporation. The plaintiff can not be required to prove its corporate existence, unless the same is denied by a plea verified by affidavit.—Acts of Ala. 1888-9, p. 57.

5-7. No demurrer to the thirteenth plea is found in the record. As there is nothing to show what were the grounds of the demurrer, we are unable to review the ruling of the court in sustaining it. However erroneous that ruling may have been, it involved no injury to the appellants. The plea amounted only to the general issue.—*Louisville & Nashville R. R. Co. v. Trammell*, 93 Ala. 350. The twelfth plea amounted to the same thing. Under this plea, the defendant had the full benfit of all matter of defense that would have been available to it under the thirteenth plea. Sustaining the demurrer to the latter plea was, for this reason, error without injury, if error at all.—*Manning v. Maroney*, 87 Ala. 563.

We have discovered no error in the record, and the judgment of the Circuit Court must be affirmed.