# Lewis Lumber Co. *v.* Camody.

*Action for Breach of Contract.*

1. *Pleading and practice; amendment of complaint.*—Where in a complaint the defendant is described as "The Lewis Lumber Company, a firm composed of B. A. Lewis, *et al.* and B. A. Lewis individually," an amendment to such complaint by striking out the words commencing with "a firm," etc. and inserting in lieu thereof "a corporation organized under the laws of the State of Maine," is allowable and not subject to the objection that it substitutes a new party defendant.

2. *Same; when motion to quash return and summons properly overruled.*—Where, after a demurrer to a complaint is interposed, a motion to quash the return and summons because the service was not upon the proper person, comes too late and is properly overruled.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. OSCEOLA KYLE.

This is an action for damages for the breach of a contract, brought in the court below by the appellee, M. C. Camody, against "The Lewis Lumber Company, a firm composed of B. A. Lewis, *et al.,* and B. A. Lewis, individually." To this complaint the defendants demurred,

and before that demurrer was passed upon by the court, and after the passing of several terms of the court, the plaintiff asked leave of the court to amend his complaint by changing the caption thereof by striking out the words "a firm composed of B. A. Lewis *et al.* and B. A. Lewis, individually;" and by inserting in lieu thereof the following: "A corporation organized under the laws of the State of Maine." This amendment was allowed over the objection of the defendants, and then after the allowance and filing of the amendment, the defendant, Lewis Lumber Company, a corporation, appeared specially and for no other purpose, and moved the court to strike the amendment from the files. The court overruled this motion, to which there was an exception. The defendant then further appeared specially, and for no other purpose, and moved the court to quash the return and summons, because they fail to show any service on any authorized officer or agent of the corporation. This motion was on motion of the plaintiff stricken from the files. In support of this motion the defendant was permitted to offer in evidence the summons and the return of the sheriff thereon, and this was all the evidence offered upon that question. The summons was issued for "The Lewis Lumber Company, a firm composed of B. A. Lewis *et al.*, and B. A. Lewis individually," and the return was as follows: "Executed by serving a copy of the within summons and complaint on Lewis Lumber Company, by leaving a copy with B. A. Lewis, Treasurer."

From a judgment in favor of the plaintiffs the present appeal is prosecuted.

OSCAR R. HUNDLEY, for appellant.—The amendment should not have been allowed. There was a substitution of a new party defendant.—*Baldridge v. Eason*, 99 Ala. 516; *Williams v. Hurley*, 33 So. Rep. 159; *Leaird v. Moore*, 27 Ala. 326; *Stodder v. Grant*, 28 Ala. 416; *Davis Ave. R. R. Co. v. Mallon*, 57 Ala. 168; *Otis v. Thorn*, 18 Ala. 395; *Railway Co. v. McCall*, 89 Ala. 375.

The motion to quash the summons and returns should have been sustained, and the court erred in sustaining the motion of the plaintiff to strike this motion from

the files.—*So. B. & L. Asso. v. Gillespie*, 25 So. Rep. 564; *Lecatt v. Salle*, 1 Port. 287; *Lampley v. Beavers*, 25 Ala. 534; *Grigg v. Gilmer*, 54 Ala. 425; *Stetson v. Goldsmith*, 30 Ala. 602.

DAVID A. GRAYSON and JOHN. H. WALLACE, JR., *contra.*—The amendment was properly allowed. The words stricken and substituted were merely descriptive.—*Lucas v. Pittman*, 94 Ala. 616.

The motion to strike the return and summons came too late and were properly overruled.—*Railway Co. v. Yeates*, 67 Ala. 164; *Railway Co. v. Ledbetter*, 92 Ala. 326.

TYSON, J.—Although there are a number of errors assigned, but two of them are insisted upon in brief of counsel.

The first of these is predicated upon the action of the court in overruling the defendant's motion to strike the amendment of the complaint which had been allowed. This amendment consists in striking out of the caption of the complaint the words "a firm composed of B. A. Lewis *et al.* and B. A. Lewis, individually," and inserting in lieu thereof the words, "a corporation organized under the laws of the State of Maine," making the caption as amended read "M. C. Camody vs. The Lewis Lumber Company, a corporation," etc. The ground of the motion insisted upon, is that the amendment substitutes a new party defendant. The party sued is "The Lewis Lumber Company," and the words stricken out and those added are merely descriptive. The amendment was permissible.—*Western Railway of Ala. v. Sistrunk*, 85 Ala. 352; *Southern Life Ins. Co. v. Roberts*, 60 Ala. 431; *Ex parte Nicrosi*, 103 Ala. 104.

If the contract sued on was not executed by the defendant, but was the contract of some other person or firm doing business under the name of "The Lewis Lumber Company," that was a matter of defense.

The other insistence is, the court erred in striking the defendant's motion "to quash the return and summons because they fail to show service on any authorized offi-

cer or agent of the corporation." Whatever may have been the right of the defendant to appear specially for the purpose of quashing the service of the summons, upon the ground stated, it had no right to have the summons quashed. Nor had it the right to appear specially for this purpose after having appeared generally and interposed a demurrer to the complaint. Having appeared and demurred to the complaint, the regularity of the service of the summons and complaint ceased to be of importance. Doubtless this motion was made upon the theory that the defendant had not become a party to the action until after the amendment above considered by us was allowed, and that the demurrer interposed to the complaint previous to the allowance of the amendment was not its demurrer. Having shown that the amendment worked no change of parties, but was merely a change in the description of the defendant who was in court all the while, the demurrer interposed was its demurrer.

Affirmed.