# Hobdy *v.* Manistee Mill Co.

*Action for Damages for Injury to Person on Track.*

(Decided June 18, 1908. Rehearing denied July 3, 1908. 47 South. 69.)

1. *Negligence; Actions; Pleading; Variance.*—Where the summons and complaint as finally amended joined as defendants an individual and a company, which so far as appeared had no entity other than a name under which the individual and defendant was doing business, and the evidence showed that the individual defendant was the party liable, there was no variance authorizing the giving of the affirmative charge.

2. *Railroads; Injury to Persons on Track; Complaint; Negligence.* —An allegation that the engineer saw, or by reasonably diligence, could have seen plaintiff in time to have stopped said train before it ran over plaintiff, and that the plaintiff's injuries were caused by reason of the negligence aforesaid of said engineer, states a cause in simple negligence, a careless omission of duty as distinguished from a willful, wanton or intentional act.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN P. LACKLAND.

Action by Braxton B. Hobdy against Vastine J. Hurlong, doing business as the Manistee Mill Company for injuries inflicted upon plaintiff while walking on defendant's track. From a judgment for plaintiff defendant appeals. Reversed and remanded.

J. M. MILLER, and McCORVEY & HARE, for appellant. Counsel discuss the various amendments to the complaint and cite authorities in support of the proposition that they were well made. They insist that there was no variance, and that if the evidence showed that the individual was liable, recovery might have been had against him, although the other defendant was an entity.— *Pounds v. Richards,* 21 Ala. 424; *Richmond R. R. Co. v. Greenwood,* 99 Ala. 501; *Lovelace v. Miller,* 43 South. 734; 11 Ency P. & P. 852; 15 Ib. 583. The case made by

[Hobdy v. Manistee Mill Co.]

the evidence required a submission to the jury to determine whether or not the engineer was negligent.—114 Ala. 414; 60 Ala. 621; 71 Ala. 545; 67 Ala. 114; 60 Ala. 621.

BARNETT & BUGG, STEVENS & LYONS, and BAYLES, HYBART & BURNS, for appellee. The giving of the affirmative charge can be justified on the variance between the allegation of the complaint and the proof.—*Garrison v. Hawkins,* 111 Ala 311; *S. & N. A. R. R. Co. v. Mansell,* 138 Ala. 563; *Lee v. Wimberly,* 102 Ala. 539; *Dean v. L. & N.* 98 Ala. 586; *Gamble v. Kellum,* 97 Ala. 677. Nothing except the record itself can be looked to for those matters which are required to be shown thereby.—*Petty v. Dill,* 53 Ala. 641; *Powell v. Henry & Co.,* 96 Ala. 412; *Durrett v. The State,* 133 Ala. 119. Under the allegations of the summons and complaint, the presumption is that the Manistee Mill Co., was a corporation.—*Seymour & Sons v. Thomas Harrow Co.,* 81 Ala. 252.

TYSON, C. J.—The original complaint was exhibited against the Manistee Mill Company, a body corporate, as the sole party defendant, and service had upon one Clarence Herlong. At the first term of the court held after its filing and service, the complaint was amended by adding as a party defendant Vastine J. Herlong, doing business under the name of Manistee Mill Company, and an alias summons and complaint was ordered to be issued and served upon him. Subsequently an entirely new complaint was filed against Herlong and the Manistee Mill Company, a body corporate, which was amended by striking out the words "a body-corporate" after the words "Manistee Mill Company," and certain other words in the body of the complaint showing that

company to be a body corporate, leaving the complaint against H'erlong and the Manistee Mill Company, as parties defendant, thus leaving undefined the entity of the company, whether a corporation, a partnership, or an individual doing business under that name.—*Clark v. Jones,* 87 Ala. 474, 6 South. 362. During the trial it was made to appear that Herlong was the sole owner of the Manistee Mill Company and was conducting the business under that name. Whether the several amendments were properly allowed is not a question presented by the record on this appeal. Certainly the plaintiff cannot complain of this allowance, and the defendant is not appealing. The point made by the defendant on this phase of the case is that the affirmative charge given at their instance was proper, for the reason that the testimony showed that plaintiff and the other employes of defendant charged with the negligent handling of the train of cars that inflicted the injury were employed by only one of the defendants, namely, Herlong, and therefore there could be no recovery on account of a variance. Had the mill company had a distinct entity from that of Herlong, then, perhaps, the contention of appellee would be supported by the principle invoked and applied in *Dean v. L. & N. R. R. Co.,* 98 Ala. 586, 13 South. 489, and *North Ala. Ry. Co. v. Mansell,* 138 Ala. 548, 36 South. 459. But the mill company having no entity whatever other than the name under which Herlong was doing business, he being the concern, the principle declared and applied in those cases finds no application.      ,

The case was tried upon the fifth and sixth counts of the complaint filed on the 3d day of April, 1907, as amended, all other counts having been eliminated by the sustaining of demurrers to them, and upon the pleas of the general issue thereto. These counts charge no

more than simple negligence and state a substantial cause of action. The contention urged upon this point is that in each it is averred that the "engineer saw, or by reasonable diligence could have seen, plaintiff in time to stop said train before it ran over plaintiff," and therefore no cause of action is stated. This insistence fails to take into account the subsequent averment that plaintiff's injury was caused by reason of the negligence aforesaid of the engineer, thus characterizing his conduct as a careless omission of duty, as distinguished from a wanton, willful, or intentional act. The cases relied upon in support of this insistense involved alternative averments in counts attempting to charge wanton, willful, or intentional wrong, where one of the alternatives predicated that alleged wrong upon mere notice of the plaintiff's perilous situation. Those cases clearly have no application here. The testimony of the plaintiff tended to prove the allegations of these counts, and whether they were, under all the evidence, sufficiently proven, was a question for the jury.

Reversed and remanded.

SIMPSON, DENSON, and MCCLELLAN, JJ., concur.


*Action for Damages for Injury to Property by Fire*

