[Manistee Mill Co., et al. v. Hobdy.]

# Manistee Mill Co., *et al. v.* Hobdy.

## *Injury to Person on Track.*

(Decided Dec. 16, 1909. Rehearing denied Feb. 26, 1910.
51 South. 871.)

1. *Parties; Change.*—Where the suit was begun against the Manistee Mill Company, a corporation, it was proper to permit the plaintiff to amend by substituting as defendant V. J. Herlong, doing business as the Manistee Mill Company, where it was apparent that the individual and the company were the same person, especially in view of the provisions contained in section 5376, Code 1907.

2. *Limitation of Action; Substitution of Parties; Commencement of Action.*—Where the original complaint was filed in time, and was filed against the Manistee Mill Company, a corporation, and was amended by substituting defendant V. J. Herlong, doing business under the name of Manistee Mill Company, and it appeared that they were the same person, the statute of limitations was no defense.

3. *Damages.*—Where the action was against a defendant for negligence, and it appeared that the person injured was capable of doing something for a livelihood, the burden was on him to show the difference in his earning capacity before and after his injury.

4. *Charge of Court; Invading Province of Jury.*—A charge asserting that "even should you find for the plaintiff" and concluding with instructions as to recovery of damages, was properly refused as invasive of the province of the jury, since the use of the word, "even" carries with it an intimation of the court's opinion that it was not probable that the jury would so find.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Braxton B. Hobdy against the Manistee Mill Company for damages for personal injury. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 156 Ala. 308, 74 South. 69.

The fourteenth charge requested is as follows: "The court charges the jury that, even should you find for the plaintiff, he can recover in this action only his actual damages." In its oral charge the court said: "If

[Manistee Mill Co., et al. v. Hobdy.]

you find for the plaintiff, you should give him, as part of his damages, the reasonable expenses which he had incurred on account of his injuries, reasonable compensation for his loss of time, reasonable compensation for his mental and physical suffering, and also for the permanent injury which he sustained." The court then added that the probable expectancy of the plaintiff, as shown by the Mortality Tables, was about 40 or 41 years, "and you are authorized to consider the probable expectancy of the life of the plaintiff, as shown by the Mortality Tables, in estimating his damages. You may give the plaintiff the amount of his earnings during such expectancy as a part of his damages."

STEVENS & LYONS, BARNETT & BUGG, and BAYLES, HYBART & BURNS, for appellant.—The court erred in its oral charge to the jury, as it did not appear that plaintiff's earning capacity had been entirely destroyed, and plaintiff offered no evidence to show the difference between his earning capacity before and after his accident.—*L. & N. v. Trammel,* 93 Ala. 350; *Decatur C. W. & M. Co. v. Hehaffey,* 128 Ala. 256; *Ala. Min. v. Jones,* 114 Ala. 533. The court erred in permitting the amendment.—*Seymour v. Thomas Harrow Co.,* 81 Ala. 252; *Petty v. Dill,* 53 Ala. 641; *Durrett v. The State,* 133 Ala. 119. The demurrer to the complaint as last amended should have been sustained.—*Clark v. Jones,* 81 Ala. 471. The rule is that as to the party added by amendment the making of the amendment constitutes the beginning of the action.—*Seibs v. Englehardt,* 78 Ala. 508.

McCORVEY & HARE, and J. N. MILLER, for appellee.— The court did not err in permitting the amendment.— *Manistee M. Co. v. Hobdy,* 47 South. 69. The amend-

ment, striking out the words, "a body corporate," was entirely permissible.—42 Ala. 47; 60 Ala. 431; 100 Ala. 273; 137 Ala. 578; 48 South. 89; 48 South. 84. The court did not err in refusing the charge requested.— *Miller v. Garrett,* 35 Ala. 96; *Partridge v. Foresight,* 39 Ala. 200; *Gamble v. Fuqua,* 42 South. 735. The court did not err in its charge as to plaintiff's expectancy as an element of damage.—*L. & N. v. Mothershed,* 97 Ala. 201; *Mary Lee C. & R. Co. v. Chambless,* 97 Ala. 171; *L. & N. v. Hurt,* 101 Ala. 34. The amendment related back, and hence, the statute of limitations was no defense.—Sec. 5367, Code 1907. The court properly overruled demurrer to the complaint.—47 South. 69.

SIMPSON, J.—This action for damages, on account of a personal injury, was brought by the appellee, on September 14, 1906, against "Manistee Mill Company, a corporation." There appears in the record, after the organization of the court, the statement that "plaintiff amends his complaint by adding as a party defendant Vastine J. Herlong, doing business under the name of Manistee Mill Company, and alias summons and complaint to be issued to said party and the case continued." Immediately following is the summons and complaint dated February 4, 1907. Although the order of amendment is not dated, yet it is treated by the parties as a part of the entry of October 8, 1906. It was also so considered by this court, when the case was here at a previous term; the court holding that "at the first term of the court after its filing and service the complaint was amended by adding as a party defendant, Vastine J. Herlong, doing business under the name of Manistee Mill Company." We held, also, that subsequently an entirely new complaint was filed, and the words "body corporate" were stricken out, "leaving the

complaint against Herlong and Manistee Mill Company as parties defendant, thus leaving undefined the entity of the company, whether a corporation, a partnership, or an individual doing business under that name." The appeal then, was by the plaintiff, and it was held that whether the several amendments were properly allowed was not a question presented by the record, that the plaintiff could not complain of it, and the only way in which it was presented was that the appellee (defendant) justified the court in giving the general charge in favor of the defendant on the ground of variance, but, inasmuch as the evidence showed that Herlong and the Manistee Mill Company were the same, there was no variance.—*Hobdy v. Manistee Mill Co.*, 156 Ala. 308, 47 South. 69.

In the case of *Ex parte Nicrosi*, 103 Ala. 104, 15 South. 507, this court held that where the affidavit, bond, and writ, in an attachment case, described the defendant as "R. G. Co., a corporation," it was permissible to amend the affidavit, bond, and writ, so as to describe the defendant as "E. R., a married woman doing business by the written consent of her husband, filed and recorded in the probate court, under the name and style of the R. G. Co.," and granted a writ of mandamus, directing the allowance of said amendment. The reasoning of the court is that the R. G. Co. was the party sought to be made liable, that it was the entity sued, and whether it was a partnership, a corporation, or a name assumed by an individual were matters of mere description, and that any change in the description of the entity did not work a change of parties to the suit.—Pages 107, 108, of 103 Ala., page 507 of 15 South.

In a previous case, in which the defendant was sued as the "W. Ry. of Ala.," without other descriptive

[Manistee Mill Co., et al. v. Hobdy.]

words, the plaintiff was allowed to amend, by adding the words "a body corporate," as it only added words of more definite description.—*Western Railway of Alabama v. Sistrunk,* 85 Ala. 352, 356, 5 South. 79.

On the other hand, it was held that a complaint against "D. McG., President of D. A. R'd Co.," could not be amended by substituting the D. A. R'd Co. as defendant, for the reason that suit was originally against the individual and could not be changed to include a suit against the corporation.—*Davis Ave. R. Co. v. Mallon,* 57 Ala. 168.

Again, it was held that a complaint against the "A. & W. P't R'd, and W. R'y Co. of Ala., a foreign corporation under the laws of Ga.," could not be amended by changing the name of the defendant to the "W. R'y Co. of Ala., a corporation incorporated under the laws of Ala.," the court saying that it could not judicially know that there was not a railroad company, incorporated under the laws of Georgia, known as the "A. & W. P't R'd and W. R'y of Ala.," nor that there was not a railroad corporation in Alabama known as the "W. R'y of Ala."—*Western Railway of Alabama v. McCall,* 89 Ala. 375, 7 South. 650.

A suit in the name of "A. B., agent for C. D.," was simply a suit of A. B.'s and could not be amended so as to make it the suit of C. D.—*Hallmark v. Hopper,* 119 Ala. 78, 24 South. 563, 72 Am. St. Rep. 900.

Where a suit was brought in the name of a corporation as plaintiff, it could not be amended by substiiuting another, as the assignee of said corporation.—*Vinegar Bend Lumber Company v. Chicago Title & Trust Co.,* 131 Ala. 411, 30 South. 776.

A suit against "S. & B. S., doing business as S. Bros.," could not by amendment be converted into a suit against "S. Bros., a corporation," as the words "doing business

as S. Bros." were mere descriptio personæ, so that the suit was against the individuals, and could not be so amended as to be against another party, to wit, the corporation. The court said that this case was not within the principal of the *Nicrosi Case, supra,* "where descriptive words were eliminated by amendment, and other descriptive words were substituted."—*Steiner Bros. v. Stewart,* 134 Ala. 568, 33 South. 343.

Where the complaint described the defendant as "the L. Lumber Co., a firm composed of B. A. L. et al., and B. A. L., individually," this court held that the complaint could be amended by striking out the words "a firm, etc.," and inserting, in lieu thereof, the words "a corporation organized under the laws of the state of Maine" (*Lewis Lumber Co. v. Camody,* 137 Ala. 578, 580, 35 South. 126, 127), the court saying that "the party sued is the Lewis Lumber Company, and the words stricken out, and those added, are merely descriptive."

Where the affidavit was against the "W. Saw Mill Co.," it was properly amended so as to make the action against, "G., doing business as the W. Saw Mill Co."—*First Nat. Bank v. Gobey,* 152 Ala. 517, 44 South. 535.

It is also laid down as a principle of law that "a person may adopt any name, style, or signature, wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue and be sued."—29 Cyc. 270; *Pease v. Pease,* 35 Conn. 131, 95 Am. Dec. 226, 229.

It must be admitted that the margin is very close between some of our own decisions, but we hold that the entity sued in this case is the Manistee Mill Company, and whether it be a corporation, a copartnership, or a name assumed by an individual is a matter merely of description, as to which an amendment may be made

[Manistee Mill Co., et al. v. Hobdy.]

without changing the parties to the suit. This view is strengthened by section 5367 of the Code of 1907, which fixes the only limit to amendments which "relate back to the commencement of the suit," that they shall "refer to the same transaction, property, title, and parties, as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury." Under this section it was a question of fact for the jury whether or not V. J. Herlong and the Manistee Mill Company, originally sued, were one and the same person or entity, and if they were, the statute of limitations was no defense to the action; and there was only one party defendant to the action. As the previous part of the complaint had described the Manistee Mill Company as, simply, V. J. Herlong, the mere addition of that name did not render it necessary to state again what the Manistee Mill Company was.

The court, in its oral charge, after instructing the jury that, if they found for the plaintiff, they should give him, as part of his damages, his reasonable expenses, compensation for loss of time, reasonable compensation for mental and physical suffering, and also for the permanent injury; and after speaking of his probable expectancy said: "You may give the plaintiff the amount of his earnings during such expectancy, as a part of his damages." In the present case the plaintiff testified that he was incapacitated to do sawmill work—that is, "the physical part of it"—but, as it is evident that he is still capable of doing something for a livelihood, the burden was on the plaintiff to show the difference between his earning capacity before, and that since, the injury.

The use of the word "even," in charge No. 14, requested by the defendant, carries with it an intimation of the court's opinion to the effect that it is not probable they

will so find, and was an invasion of the province of the jury. The charge was properly refused.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.