# Head *v.* J. M. Robinson, Norton & Co.

## *Assumpsit.*

(Decided February 11, 1915.   67 South. 976.)

1. *Corporations; Action by; Description; Sufficiency.*—A corporation suing need only describe itself in the complaint as a body corporate without alleging facts constituting it a body corporate.

2. *Discovery; Description of Corporation.*—Where the action is by a corporation, and the complaint describes it as a body corporate, if defendant desires information as to facts constituting plaintiff a corporation, or as to whether it is a domestic or foreign corporation, he may propound interrogatories under the statute, and thereby elicit all proper information.

APPEAL from Andalusia City Court.

Heard before Hon. ED T. ALBRITTON.

Assumpsit by J. M. Robinson, Norton & Company against J. M. Head. Judgment for plaintiff, and defendant appeals. Affirmed.

JONES & POWELL, for appellant.

A. WHALEY, for appellee.

THOMAS, J.—The appellee, J. M. Robinson, Norton & Co., a corporation, filed its suit on the common counts against appellant, J. M. Head. The complaint describes the plaintiff therein as "J. M. Robinson, Norton & Co., a corporation." Appellant demurred to the complaint because it failed to aver whether the plaintiff was "a foreign corporation or a domestic corporation." The court overruled defendant's demurrers, from which judgment appellant appealed under the provisions of an act creating the Andalusia city court of law and equity, permitting appeals from judgments on pleadings in civil causes.

In *Western Railway of Alabama v. Sistrunk*, 85 Ala. 352, 5 South. 79, the original summons and complaint described the defendant as "the Western Railway of Alabama." The attorney for the defendant as amicus curiæ moved to strike the case from the docket on the ground that the defendant did not appear to be a legal person capable of being sued; but the court overruled the motion and allowed the plaintiff to amend the summons and complaint by adding the words "a body corporate" after the name of the defendant, which was sanctioned by this court.

In *Southern Life Insurance Co. v. Roberts*, 60 Ala. 431, the complaint was, "The plaintiff, the Southern

Life Insurance Company, of Memphis, Tenn., claims of the defendant," etc. A demurrer was filed because the names of the individual partners composing the company, if it be a partnership, were not set forth, and because, if it be a corporation, it was not alleged and shown how it became so. The demurrer was sustained, and the court allowed the complaint to be amended by the addition of the words "a body corporate, made public by virtue of the laws and statutes of the state of Tennessee," etc. The court then allowed the cause to be stricken from the docket on the idea that there was no *party plaintiff* in the cause *when the suit was brought*. This court said: "We cannot concur in this view. The corporation does not, even quoad hoc, become non-existent, by a failure to describe the manner and place of its origin. It continues to be a body politic. In this instance, it comes into court by attorney, and with its right name—that conferred upon it, and by which it is known—and we see no reason for denying to it leave to set itself right, as any other suitor may do, upon the record."

A suit was commenced in *Rosenberg v. Claflin Co.,* 95 Ala. 249, 10 South. 521, in the name of "H. B. Claflin Company," and the plaintiff was permitted to file an amended affidavit "in which its corporate character was duly stated" as a body corporate. This court held, on the authority of *Southern Life Insurance Co. v. Roberts, supra,* and *Alabama Conference v. Price,* 42 Ala. 47, that "such an amendment is a mere correction of the description of a plaintiff, already named," and is not a departure. So in *Lewis Lumber Co. v. Camody,* 137 Ala. 578, 35 South. 126, where the complaint describes the defendant as "the Lewis Lumber Company, a firm composed of B. A. Lewis et al. and B. A. Lewis, individually," an amendment was allowed strik-

ing out the words commencing with "a firm," etc., and inserting in lieu thereof "a corporation organized under the laws of the state of Maine." The court declared that the amendment substituted no new party defendant, and that the party sued was "The Lewis Lumber Company." In *Hobdy v. Manistee Mill Co.,* 156 Ala. 308, 47 South. 69, where the suit was against the Manistee Mill Company, a body corporate, which was amended by striking out the words "a body corporate," etc., the court said: "This left undefined the entity of the company, whether a corporation, a partnership, or an individual doing business under that name."

On a second appeal in *Manistee Mill Company v. Hobdy,* 165 Ala. 411, 416, 51 South. 871, 873 (138 Am. St. Rep. 73), the court held: "That the entity sued * * * is the Manistee Mill Company, and whether it be a corporation, a copartnership, or a name assumed by an individual is a matter merely of description, as to which an amendment may be made without changing the parties to the suit."

(1, 2) The foregoing authorities by analogy sustain our conclusions that a plaintiff corporation is not required to do more than describe itself as a body corporate, and that it is not necessary that the facts constituting the plaintiff such body corporate should be pleaded or be disclosed by the record. If a defendant desires information as to the facts constituting the plaintiff a body corporate, or as to whether it is a domestic or a foreign body, he may propound interrogatories under the statute and elicit all pertinent and proper information.

So far as appears from this complaint, defendant has the same matter of defense, whether plaintiff be a domestic or a foreign corporation.

Finding no error in the record, the judgment of the trial court must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.